Statement of Facts.

[No. 3401.]

# M. J. DRAIS AND LUCINDA J. DRAIS, HIS WIFE, v. J. M. HOGAN.

PAYMENT OF WIFE'S DEBT BY HUSBAND.—If the wife has separate property, and a judgment is rendered against her, a payment of the judgment by the husband, in order to protect her separate estate from forced sale, is, as to third persons, a payment by the wife, and in an action against a third person to recover the money paid, may be counted upon by the wife alone, or by the husband and wife, as a payment made by her.

IDEM.—The above principle is founded on the fact that the husband is the agent appointed by law for the management of the separate estate of the wife.

SPECIAL DEMURRER.—In an action brought by the husband and wife to recover money paid on a judgment recovered against the wife, if the complaint avers that the wife was compelled to pay the judgment, and then alleges that the husband paid it for and on account of the wife, without an allegation that it was done at her request, the defect in the complaint, if it is one, can be taken advantage of only by special demurrer.

PAYMENT BY HUSBAND OF INCUMBRANCE ON WIFE'S SEPARATE PROPERTY.—If the husband, at the special request of the wife, pay off an incumbrance upon her separate estate; in an action brought by the spouses against a third person to recover the amount, on the ground that the incumbrance was created by the negligence of such third person, he cannot make the objection that the payment by the husband did not establish the relation of debtor and creditor between the spouses.

CAPACITY OF WIFE TO CONTRACT.—A married woman cannot bind herself by a contract to pay an attorney for procuring a divorce and a division of the common property.

LIABILITY OF ATTORNEY FOR MISMANAGEMENT.—If an attorney is employed to conduct a case in the District Court, and a judgment is rendered against his client, and he is entitled to a new trial, and obtains one, but conducts the proceedings in obtaining the new trial so carelessly and negligently that the order granting the same is reversed in the Supreme Court, he is liable to the client for the loss sustained thereby, and his liability is not destroyed by the fact that his client employed other counsel in the Supreme Court.

IDEM.—If a judgment is obtained against a party upon a complaint which is radically defective, and he desires to appeal, and procures bondsmen, but his attorney neglects to do so until the time for appeal expires, the attorney is guilty of gross negligence, and is liable for the loss sustained by the client.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

J. H. Budd and W. L. Dudley, on the 19th of April,

1869, brought an action against the plaintiffs here, and alleged in their complaint that on the 28th of August, 1868, the defendants were husband and wife, and that the wife, in August, 1868, employed them as her attorneys to bring an action against her husband for divorce, on the ground of extreme cruelty, and also to procure a division of the common property, which was worth eighty-five thousand dollars. That, to secure their professional services, the wife agreed to give them ten per cent. of the value of the common property decreed to her, if a divorce was secured, and if the case was settled, to give them ten per cent. of the value of the common property which she should obtain without prosecuting the action, and that she agreed that the ten per cent. should be a charge against the property so secured by her. That the plaintiffs commenced the action in August, 1868, and while it was pending, and in December, 1868, the husband and wife called on them, and agreed to and did settle the matter, and the husband conveyed to his wife real estate and personal property of the value of twenty-five thousand dollars, and the suit, at the request of the wife, was dismissed. That there became due the plaintiffs from the wife, under the contract, two thousand five hundred dollars, which she refused to pay. The complaint did not contain an averment that the wife had separate property, or that the contract concerned her separate property. On the trial, the plaintiffs had judgment for the sum claimed. The defendants, by their attorney, J. M. Hogan, the defendant here, and G. T. Martin, filed a notice of motion for a new trial, on the 14th day of August, 1869, and, on the 26th of August, 1869, filed what purported to be a statement on motion for a new trial. This statement was signed by the attorneys, but does not appear to have been served on the opposite attorneys, or settled by the court. The court below granted a new trial, and the plaintiffs, Budd and Dudley, appealed from the order. The Supreme Court reversed the order granting a new trial. (See *Budd* v. *Drais, ante,* p. 120.)

The opinion was delivered on the 11th day of October, 1870. When the Supreme Court decided the case, the one

year within which an appeal could be taken from the judgment had expired. An execution was issued on the judgment, and the amount due on the same, $2884.92, was paid. Drais and wife, on the 14th of November, 1870, commenced this action to recover from Hogan the sum thus paid. In their complaint they averred that Hogan was employed to defend the case of Budd and Dudley against them, and that he so carelessly and negligently managed the case that the order granting a new trial was reversed, and that if a new trial had been granted they would have been able to establish, as a legal defense, that Lucinda J. Drais, when she entered into the contract, was a married woman, and was the owner of no separate property, and that she was not a sole trader. They also alleged that the defendant did not exercise, in the management of the case, ordinary care and diligence, and that the suit was lost thereby, and they were advised by the defendant that the judgment was erroneous, and intended to appeal, and procured sureties, but that the defendant advised that an appeal from the judgment was not necessary, as he had moved for a new trial, and that by said advice an appeal was not taken. The cause was tried by the court without a jury, and the plaintiffs recovered judgment. The defendant appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion.

*J. H. Budd and W. L. Dudley,* for the Appellant.

The complaint does not state facts sufficient to constitute a cause of action, and the demurrer thereto should have been sustained.

1st. Because it does not appear from the complaint that Lucinda Jane Drais has suffered any loss or damage on account of the judgment of Budd and Dudley against her.

The complaint shows upon its face that she had separate property, but it was never seized or sold under said judgment. It is averred that to prevent the seizure and sale of her separate property her husband, "for and on her account," paid to the sheriff $2884.92; but it does not appear that such payment was made at the request of the wife, but

only "for and on her account," to use the language of the complaint. For aught that appears, the husband volunteered to assume the debt, and he certainly could not voluntarily become the creditor of his wife. The only pretense of damage arises from the husband paying a judgment against his wife, which he probably might do, and probably did, in consideration of natural love and affection, and without a thought that he was thereby in a moneyed sense becoming the creditor of his wife. It fails to show any money paid out or expended for her at her request, or that she was or had become indebted to her husband for any money advanced for her use or benefit.

But even if paid at her request, it would not avail the plaintiff in this action, because a promise made by the wife to her husband to pay money advanced for her benefit, to save her separate property from seizure and sale, would be absolutely void, and could not be enforced by him in an action against his wife.

If the husband voluntarily paid the judgment for his wife, and subsequently the wife paid back the money from her own funds, why then she might be in a position to assert a loss to the full amount paid him; and if that loss was sustained by the negligence of her attorney, then perhaps she might sustain her action; but the complaint shows no such state of facts. It shows that "M. J. Drais, for and on account of Lucinda J. Drais, did, on the 14th day of November, 1870, pay to the sheriff," etc., but there is no averment of the payment of one dollar at *her request,* or that she had ever promised to repay her husband the money he had paid for her.

*D. S. Terry,* for the Respondent.

It is said that the complaint is insufficient, because "it does not appear that Lucinda Jane Drais has suffered any loss or damage by the judgment of Budd and Dudley against her," inasmuch as her property was not seized or sold under the execution, that the payment of the judgment by the husband for and on account of the wife to prevent

such sale was a voluntary payment, and raised no obliga-
tion on the part of the wife to repay the amount.

The complaint shows that at the date of the execution
Lucinda J. Drais had a large amount of separate property
liable to seizure and sale to satisfy said execution.

By the statute defining the rights of husband and wife
(Hittell, 3568), it is provided that "the husband shall have
the management and control of the separate property of the
wife during the continuance of the marriage." The husband
is the agent or trustee of the wife as to her separate prop-
erty, and must manage it for her interest; if he fails in his
duty in this respect the court will afford him a remedy.
(Hittell, Sec. 3570; *Mahone* v. *Grimshaw,* 20 Cal. 176; *Wilson*
v. *Wilson,* 36 Cal. 447.)

The husband, by law, having the management and con-
trol of the property of the wife, being for that purpose her
agent or trustee, was bound to exercise the same care for its
preservation as a prudent man would for the preservation
of his own property, and of course he was obliged to pre-
vent its forced sale by payment of the judgment, and
entitled to retain the amount of any advances made by him
for this purpose out of the rents and profits of the estate.

Besides, the judgment being a personal judgment against
Lucinda J. Drais, the common property of M. J. and L. J.
Drais would have been liable to be taken in execution under
it as well as the separate property of the judgment debtor.
(*Van Maren* v. *Johnson,* 15 Cal. 308.)

By the COURT:

Upon considering the record and printed arguments upon
which the cause was submitted, we are of opinion that
neither the judgment nor the order denying a new trial
should be disturbed here.

1. The payment by the husband of the female plaintiff of
the judgment rendered against her, she being the owner of
a separate estate, was in effect a payment made by herself—
the husband being the agent appointed by law for the man-
agement of the separate estate of the wife, a payment made
by him, in order to protect the separate estate from forced

sale, is, as to third persons, within the scope of his agency, and may be counted upon by the wife, or by the husband and wife, in an action against a third person, as a payment made by her. Besides, the only objection taken in argument in this respect points to the supposed insufficiency of the complaint, in that, after averring that the female plaintiff "was compelled to pay said judgment" (of Budd & Dudley against Lucinda Drais), it alleges that her husband, Madison Drais, paid it "for and on account of said Lucinda," etc., without also alleging "at her request." If there were anything in this objection, it could, at all events, be presented only upon special demurrer, which was not done in this case. It is claimed, however, that even a *special request* made by the wife to the husband, that he pay off an incumbrance upon her separate estate, and the payment made by him in pursuance of such request, cannot be relied upon in an action against a third party as having the effect of a payment made by the wife herself, and this because it is said that such a transaction between husband and wife would not establish the relation of debtor and creditor between them.

But no force is perceived in this reasoning. What, if any, new legal relation would arise between the spouses because of such a transaction is of no concern to a third party, neither to the party receiving the payment, as Budd and Dudley in this instance, nor to Hogan, who is sued because of the necessity of the payment and the fact of its having been made. Had the husband placed the money in the hands of the wife, to be used by her in paying off the judgment, and had the latter herself appropriated it to that purpose, the transaction as between the spouses would have been in substance the same as that appearing here, and in that case it would have been no concern of the defendant, and we think it no concern of his now as to whether the husband thereby became a creditor of the wife or not.

2. Upon the question of fact as to whether the defendant was intrusted with the general conduct of the cause in the District Court, or was only employed to look after it "on the outside," the evidence is obviously conflicting in sub-

stance, and the finding below upon that point concludes the defendant upon this appeal.

3. It is argued that as the complaint counts only upon the neglect of the defendant to conduct the cause properly in the District Court, and inasmuch as it was shown that in that court he had obtained an order granting his client a new trial, and setting aside the judgment theretofore rendered against her, the action of this Court subsequently had, by which the order was reversed and the judgment restored, is not attributable to his neglect, but, if to the neglect of any one, to that of other counsel by whom alone the female plaintiff was represented on the appeal. But this position is not to be maintained. The facts were that the new trial appeared by the record to have been granted by the District Court without any motion therefor, and the application was not supported by any agreed or settled statement, nor by affidavits filed, nor did the record contain any specifications of grounds upon which the motion was rested. (*Budd* v. *Drais*, ante, p. 120.) Upon such a record brought here upon appeal, the order granting a new trial could not be upheld, and it was accordingly reversed by this Court. The loss of the cause in this respect was plainly attributable to its mismanagement in the District Court in the respects indicated, for the record was made in that court, and upon the transcript filed here no amount of learning or diligence upon the part of the counsel for the respondent in this Court could have availed to avert a reversal of the order granting a new trial. The order which Hogan obtained in the District Court, granting his client a new trial, was, therefore, owing to the practice he pursued in obtaining it, utterly valueless to her—in fact, it was a positive damage to her interests, inasmuch as it compelled her to incur additional costs upon appeal taken from the order, and without any reasonably well-grounded hope of success upon her part.

4. But assuming that the defendant had the management of the cause in the District Court—and in view of the implied findings below, we must assume that he did—the grossest mismanagement after all is found in his failure to appeal from the judgment itself. The complaint of Budd and

Dudley, upon which the judgment against Lucinda Drais was founded, was radically defective, and wholly insufficient to support that judgment. An appeal from the judgment itself would have brought up the pleadings as being part of the judgment-roll, and must have terminated in a virtual defeat of the action. An inspection of the record in that cause, in view of the uniform decisions of this Court, from the case of *Rowe* v. *Kohle* (4 Cal. 285), to the present time, as to the capacity, or rather the want of capacity, of a married woman to bind herself by such a contract as was alleged in that case, is decisive upon this point. In this view it was inexcusable in the defendant to have permitted the time limited by statute for an appeal from the judgment itself to pass away, and so to allow the rights of the defendant in that action to become lost in the abortive attempt to obtain a new trial, when such new trial, even had it been properly obtained, was not necessary for her protection under the circumstances of the case.

In the case of *Gambert* v. *Hart* (44 Cal. 542), the rules of law governing the responsibility of attorneys to their clients in the conduct of causes are enunciated, and this case is clearly within the principles of that case.

Judgment and order denying a new trial affirmed.

A rehearing was granted, and after reargument the following opinion was delivered:

By the COURT:

On reargument it was insisted by counsel for defendant (appellant) that the judgment of the District Court should be reversed, because the plaintiffs herein could have suffered no damage by reason of the neglect of the present defendant as attorney in the action of *Budd and Dudley* v. *Drais and Drais;* and this, because, under the law of this State, Lucinda J. Drais had power as a married woman to make the contract set forth in the complaint in the last-named action.

It does not appear in the transcript in the present case that the said Lucinda ever in fact entered into the contract

referred to. It is immaterial to inquire, therefore, whether, if she had made it, she would be bound by its terms.

Judgment and order affirmed. Remittitur forthwith.