[Civ. No. 47722. Second Dist., Div. Five. May 4, 1976.]

KIRTLAND AND PACKARD et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;
DAVID K. SPINDLE, Real Party in Interest.

COUNSEL

LaFollette, Johnson & Schroeter, John T. LaFollette and Terri Ellison for Petitioners.

No appearance for Respondent.

Tredway, Brandmeyer & Ward, Stanley M. Ward and John A. Torribio for Real Party in Interest.

OPINION

ASHBY, J.—Petitioners are the defendants in a pending legal malpractice action brought against them by the real party in interest. The background of that lawsuit and of the present petition for writ of mandate is as follows: Real party and one McReynolds, both physicians, were sued for medical malpractice by one Burke. Real party and McReynolds were both insured by Pacific Indemnity Company which hired petitioners to defend the medical malpractice action and undertook all costs of defense associated therewith. While the jury was deliberating, petitioners reached a settlement with Burke on behalf of McReynolds in the amount of $300,000. The jury, shortly thereafter,

returned a verdict of $404,000 against McReynolds and real party. Said judgment was paid in full by Pacific Indemnity, $300,000 representing the amount of McReynolds' liability, as determined by the settlement agreement, the remaining $104,000 representing payment on behalf of real party.

Sometime after the verdict in the Burke suit, another medical malpractice action was filed against real party by one DeLong. According to the complaint in that action, DeLong was made aware of real party's alleged malpractice toward her as a result of reading about the verdict in the Burke case.[1] The DeLong case, currently pending in superior court, is scheduled for trial after trial of real party's legal malpractice action against petitioners.

Real party claims the following items of damages in his suit against petitioners: $404,000, representing the judgment awarded to Burke; $335 representing a legal fee real party paid to evaluate his rights against petitioners; and any amount up to and including $2 million which may be awarded the plaintiff in the DeLong case.

Petitioners filed two motions for summary adjudication of issues in respondent court. The first such motion sought a determination that real party could not recover $404,000 or any other sum based on the Burke judgment since real party had not personally paid any part of that judgment. The second motion sought a determination that real party could not recover the $300,000 paid Burke on behalf of McReynolds.

Petitioners' first motion was denied with the notation that respondent did not intend to decide whether real party had been damaged to the extent of $104,000, $404,000, or at all by the judgment in the Burke case. The second motion was denied without comment. Petitioners thereupon brought their present petition for writ of mandate. This court stayed trial of the pending matter and issued an alternative writ of mandate. Hearing on the alternative writ was held on February 25, 1976. We have concluded that respondent court abused its discretion in denying petitioners' motions for summary adjudication of issues.

---

[1]This somewhat unusual pleading as to knowledge of real party's malpractice is apparently included in the DeLong complaint so as to bring it within the applicable statute of limitations.

*Issues*

The issues presented by the present proceedings are these: (1) Does the fact that a portion of the damages awarded to Burke, was paid on behalf of real party's codefendant in that lawsuit preclude real party's claiming it as an item of damages in his suit against petitioners? (2) Does the collateral source rule allow real party to claim as an item of damages money paid to Burke on real party's behalf in satisfaction of Burke's judgment?

*Discussion*

Real party argues, in opposition to petitioners' motions, that the rule of *pro tanto* reduction of liability for payments by a joint tortfeasor (*Laurenzi* v. *Vranzian,* 25 Cal.2d 806 [155 P.2d 633]; *Turner* v. *Mannon,* 236 Cal.App.2d 134, 139 [45 Cal.Rptr. 831]) does not apply to him because he was not, in fact, a tortfeasor, but was adjudged such because of petitioners' legal malpractice. Real party further argues that the collateral source rule allows him to benefit from his own medical malpractice insurance coverage and still recover from petitioners for breach of their professional duties to him. Both of these arguments misconceive the nature of a cause of action for legal malpractice. The latter argument also misconceives the bases for application of the collateral source rule.

■ "The elements of a cause of action in tort for professional negligence are: (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence. [Citations.]

"If the allegedly negligent conduct does not cause damage, it generates no cause of action in tort. [Citation.] ■ The mere breach of a professional duty, causing only nominal damages, speculative harm, or the threat of future harm—not yet realized—does not suffice to create a cause of action for negligence. [Citations.] Hence, until the client suffers appreciable harm as a consequence of his attorney's negligence, the client cannot establish a cause of action for malpractice." (*Budd* v. *Nixen,* 6 Cal.3d 195, 200 [98 Cal.Rptr. 849, 491 P.2d 433].)

■ For purposes of the present proceeding it is thus immaterial whether real party was, in fact, a joint tortfeasor with McReynolds or was merely labeled such as a result of petitioners' legal malpractice. Because of the settlement reached with Burke on behalf of McReynolds, real party, under the rule enunciated in *Laurenzi* v. *Vranzian, supra,* and *Turner* v. *Mannon, supra,* never became liable for $300,000 of the Burke judgment and that sum never constituted an "appreciable harm" to real party within the meaning of *Budd* v. *Nixen, supra.* Similarly, the $104,000 portion of the Burke judgment, having been paid by Pacific Indemnity, cannot be said to constitute an "appreciable harm" to real party, unless he can bring himself within the scope of the collateral source rule.

■ That rule provides that if an injured person receives compensation for his injuries from a source wholly independent of the tortfeasor, such payment should not be deducted from the damages which he would otherwise collect from the tortfeasor. (*Helfend* v. *Southern Cal. Rapid Transit Dist.,* 2 Cal.3d 1, 6 [84 Cal.Rptr. 173, 465 P.2d 61].) The term "injured person" in the context of the collateral source rule connotes one who has sustained personal injuries or property damage at the hands of a tortfeasor. We know of no case applying the collateral source rule to a situation in which the injury sustained by the injured person was an award against him in an unrelated lawsuit of damages which he personally was never called on to pay.[2] *Helfend* v. *Southern Cal. Rapid Transit Dist.,* 2 Cal.3d 1, 8, fn. 7, *supra,* specifically stated that the collateral source rule does not apply to payments made in satisfaction of a judgment by a joint tortfeasor or his insurance carrier. The court, further expressly disavowed any intent to extend the collateral source rule beyond the particular facts of *Helfend.* (2 Cal.3d at p. 6, fn. 3.)

■ More important, perhaps, than the question of whether the $104,000 payment to Burke on behalf of real party constituted an injury to real party, is consideration of the source of the payment, a crucial element in the collateral source rule. The insurance company was not wholly independent of the alleged tortfeasors (petitioners). Pacific Indemnity was both the employer and client of petitioners. For this reason alone, the collateral source rule cannot apply.[3]

---

[2]In *Drais* v. *Hogan,* 50 Cal. 121, 125, relied on by real party, the court held that payment made by plaintiff's husband to satisfy a judgment against her separate property had been made as her agent and that as a matter of law the payment therefore was a payment by her. The collateral source rule was not mentioned in *Drais.*

[3]It is conceded by real party that the insurance company is not dissatisfied with the outcome of the Burke case and has waived any rights of subrogation it might have had.

■ Real party contends that unless he prevails on the theories he asserts, insurance company attorneys will owe no duty of care to insured parties. This, of course, is not true (*Lysick* v. *Walcom*, 258 Cal.App.2d 136, 146 [65 Cal.Rptr. 406, 28 A.L.R.3d 368]), nor is it the practical effect of the result which we reach in this case. Petitioners, for instance, would be liable to real party for any loss of reputation or increased insurance costs which their alleged malpractice might have cost him. Real party pleads no such items of damages, however.

Petitioners also attack the viability of real party's claim that his potential liability in the DeLong case constitutes an element of damages in this case, and seek a declaration by this court that real party suffered no damage as a result of petitioners' alleged malpractice.[4] No ruling was requested from respondent court on the DeLong item of damages and it would be premature for this court to make one. We direct respondent court's attention, however, to the above-quoted passage from *Budd* v. *Nixen, supra,* 6 Cal.3d 195, 200, should an appropriate motion be brought in that court. Nor, for the reasons already stated as to proper items of damage in a suit such as this, are we prepared to make a categorical statement on the basis of the record before us that real party suffered no damages at the hands of petitioners. Rather we deem it appropriate to confine our ruling herein to the precise issues raised in the pleadings below which gave rise to the present proceedings.

Section 437c of the Code of Civil Procedure provides in pertinent part:

"Any party may move for summary judgment in any action or proceeding if it is contended that the action has no merit or that there is no defense thereto. . . .

"The motion shall be supported or opposed by affidavits, declarations, admissions, answers to interrogatories, depositions and matters of which judicial notice shall or may be taken. . . .

"If it appears that the proof supports the granting of such motion as to some but not all the issues involved in the action . . . the court shall, by order, specify that such issues are without substantial controversy. At the

---

Cf. *Helfend* v. *Southern Cal. Rapid Transit Dist., supra,* 2 Cal.3d 1, 10-11 wherein subrogation was contemplated.

[4]Petitioners assert that they are willing to pay real party the $335 he claims for legal evaluation of his malpractice action merely to settle this matter, but without conceding their liability to do so.

trial of the action the issue so specified shall be deemed established and the action shall proceed as to the issues remaining."

For the reasons stated above, the $404,000 claimed by real party was not a proper element of damages. Under section 437c petitioners were entitled to a ruling to that effect.

Let a peremptory writ of mandate issue directing respondent court to vacate its orders of November 18, 1975, and December 4, 1975, in the matter entitled David K. Spindle, M.D., plaintiff v. Kirtland and Packard, a partnership, et al., defendants, SE C 13505, and to enter a new and different order declaring it to be without substantial controversy that plaintiff Spindle cannot recover as an element of damages in said matter $404,000 or any other sum representing payments to Betty Burke in satisfaction of her judgment.

Stephens, Acting P. J., and Hastings, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied July 1, 1976.