[No. B074284. Second Dist., Div. Three. Sept. 29, 1995.]

UNIGARD INSURANCE GROUP, Plaintiff and Appellant, v.
O'FLAHERTY & BELGUM et al., Defendants and Respondents.

COUNSEL

Engstrom, Lipscomb & Lack, Walter J. Lack, Gary A. Praglin and Wayne S. Kreger for Plaintiff and Appellant.

Bennett & Kistner, Charles J. Bennett, Greines, Martin, Stein & Richland, Irving H. Greines, Robert A. Olson and Cynthia N. Sarno for Defendants and Respondents.

OPINION

CROSKEY, J.—This appeal is from a judgment in favor of defendants following the grant of their motion for nonsuit in a legal malpractice action. We conclude that in granting a nonsuit, the trial court erroneously ruled as a matter of law on an issue which, under the circumstances of this case, is one of fact: whether defendants breached the professional standard of care by adequately and timely alleging the affirmative defenses of exclusivity of workers' compensation and *Witt* v. *Jackson* (1961) 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641]. We also conclude that under the circumstances of this case, the insurer may bring a legal malpractice action against the attorneys hired by the insurer to defend its insured. We therefore reverse the judgment.

FACTUAL AND PROCEDURAL BACKGROUND[1]

1. *The Underlying Lawsuit: Hunn v. The Wilkinson Company*

On August 8, 1985, Gary Hunn filed a complaint for damages for personal injury against The Wilkinson Company (Wilkinson), Apple One Service, Ltd. (Apple One), and American Labor Core (ALC). The complaint alleged that Hunn sustained injuries during his employment while operating a rolling mill machine at Wilkinson's premises.

Unigard Insurance Group (Unigard) had issued a liability insurance policy to Wilkinson. Pursuant to the policy, Unigard agreed to defend and indemnify Wilkinson in the Hunn lawsuit and hired O'Flaherty, Prestholt & Bennington to represent Wilkinson as attorneys.[2]

On October 23, 1987, the O'Flaherty law firm filed an answer to the Hunn complaint on behalf of Wilkinson. The answer contained a general denial

---

[1]As this matter comes to us on appeal from a judgment of nonsuit, we accept as true the pleadings and evidence submitted by Unigard in support of its claim against the defendants: Our recitation of facts is taken from the appellate record viewed in the light most favorable to Unigard.

[2]The defendants in this appeal are successors to this law firm. However, in this opinion we will refer to these defendants as "the O'Flaherty law firm."

and seven affirmative defenses; the parties to this appeal agree that the answer did not allege an affirmative defense based on the exclusive remedy of the Workers' Compensation Act or mention the setoff provision in *Witt* v. *Jackson, supra,* 57 Cal.2d 57.

Both ALC and Apple One filed cross-complaints. On April 7, 1988, the O'Flaherty law firm filed Wilkinson's answer to ALC's cross-complaint. Besides a general denial, that answer stated, as a separate and affirmative defense: "[I]f, at time of trial, the court or jury determines that there was some degree of responsibility on the part of The Wilkinson Company and that The Wilkinson's [*sic*] Company's conduct was a proximate cause of the plaintiff's or ALC's alleged damages, The Wilkinson Company alleges and contends that plaintiff's injuries and damages, if any, were proximately caused by the concurrent negligence of American Labor Core, Inc., and/or co-defendants and/or other as yet unknown persons or entities and that this answering cross-defendant's liability, if any, is limited to the extent of its proportionate responsibility."

On August 3, 1988, the O'Flaherty law firm filed Wilkinson's answer to Apple One's cross-complaint, which contained the same separate and affirmative defense quoted above. This answer also contained the defense of the workers' compensation setoff in *Witt* v. *Jackson.*

In August 1989, Unigard terminated the O'Flaherty firm and hired a new law firm to represent Wilkinson. On September 11, 1989, the law firm of Ramsey, Prestholt & Holmberg (the Prestholt law firm) substituted for the O'Flaherty law firm. The Prestholt law firm sought leave to amend the answer to assert the omitted affirmative defenses, but the trial court denied this motion. On behalf of Wilkinson, Unigard paid the limits of policy coverage, $500,000 to Hunn on May 17, 1990, to avoid the risk of a larger jury verdict.

2. *The Unigard v. O'Flaherty & Belgum Litigation*

Unigard filed a complaint for damages for negligence against the defendants O'Flaherty law firm and Michael A. O'Flaherty. The complaint alleged that Unigard issued a liability insurance policy to Wilkinson, which had employed Hunn, who was injured while operating a rolling mill machine owned and maintained by Wilkinson. Hunn sued Wilkinson, which Unigard agreed to defend and indemnify pursuant to the insurance policy. Unigard hired the O'Flaherty law firm to represent Wilkinson. Unigard's complaint alleged that the O'Flaherty law firm breached its standard of reasonable care and skill as attorneys by failing to file an answer to Hunn's complaint which

raised *all* affirmative defenses. Specifically, the O'Flaherty law firm failed to assert that Hunn's exclusive remedy against Wilkinson was under the Workers' Compensation Act and related affirmative defenses based on California Labor Code section 3601 et seq.

As a result of the failure of the O'Flaherty law firm to assert these affirmative defenses and to represent Wilkinson properly, Unigard had to hire new counsel for Wilkinson in 1989. The court denied the new law firm's attempt to amend the answer to assert the omitted affirmative defenses, which exposed Unigard and Wilkinson to the risk of a substantial jury verdict. The complaint alleged that defendants' negligence forced Unigard to pay the $500,000 limit on policy coverage to Hunn to avoid the risk of a larger jury verdict at trial, plus attorney fees. Unigard twice moved for summary judgment, but the court denied both motions.

Before trial began on February 4, 1993, the O'Flaherty law firm moved for nonsuit. The court ruled that with regard to the pleadings, Wilkinson's answer in the underlying *Hunn* case was sufficient to put in issue any defenses under the Workers' Compensation Act. However, ruling that this was an issue of law for the court and not an issue of fact for the jury, the court dismissed the case. A judgment in favor of the O'Flaherty law firm was filed on February 16, 1993. Unigard filed this timely appeal.

ISSUES

Unigard contends that: (1) it had an attorney-client relationship with the O'Flaherty law firm and thus has standing to bring this malpractice action, (2) malpractice is a question of fact for the jury, and thus the court erroneously granted the motion for nonsuit and (3) proof of legal malpractice may require expert testimony; therefore, the court's grant of the motion for nonsuit was premature and erroneous.

DISCUSSION

### 1. *Standard of Review*

A defendant is entitled to a nonsuit if the trial court determines that, as a matter of law, plaintiff's evidence does not permit a jury to find in plaintiff's favor. In determining whether plaintiff's evidence is sufficient, the court may not weigh the evidence or consider witnesses' credibility. Instead, the court must accept as true the evidence most favorable to plaintiff and must disregard conflicting evidence. The court must give to the plaintiff's evidence all the value to which it is legally entitled, indulging every legitimate inference that may be drawn from the evidence in plaintiff's favor. A

mere "scintilla of evidence" does not create a conflict for the jury's resolution; there must be substantial evidence to create the necessary conflict. (*Nally* v. *Grace Community Church* (1988) 47 Cal.3d 278, 291 [253 Cal.Rptr. 97, 763 P.2d 948], citing *Campbell* v. *General Motors Corp.* (1982) 32 Cal.3d 112, 118 [184 Cal.Rptr. 891, 649 P.2d 224, 35 A.L.R.4th 1036].)

■ In reviewing a grant of nonsuit, this court follows the same rule requiring evaluation of the evidence in the light most favorable to the plaintiff. This court will not sustain the judgment unless, interpreting the evidence most favorably to plaintiff's case and most strongly against the defendant and resolving all presumptions, inferences, and doubts in favor of the plaintiff, a judgment for defendant is required as a matter of law. (*Nally* v. *Grace Community Church, supra*, 47 Cal.3d at p. 291.)

2. *The O'Flaherty Law Firm Owed an Independent Duty of Care to Unigard*

■ We must first address the threshold issue of whether an insurer can bring a legal malpractice action against counsel hired by the insurer to represent an insured. We conclude that when, pursuant to insurance policy obligations, an insurer hires and compensates counsel to defend an insured, *provided that the interests of the insurer and insured are not in conflict*, the retained attorney owes a duty of care to the insurer which will support its independent right to bring a legal malpractice action against the attorney for negligent acts committed in the representation of the insured.

In *Fireman's Fund Ins. Co.* v. *McDonald, Hecht & Solberg* (1994) 30 Cal.App.4th 1373 [36 Cal.Rptr.2d 424], the court rejected equitable subrogation as a basis for such an insurer's legal malpractice action. However, Unigard does not rely on that doctrine. Unigard claims an independent right to assert a malpractice claim against the O'Flaherty law firm arising out of its allegedly negligent representation of Wilkinson, Unigard's insured.[3]

While no California case has directly addressed the issue, the Michigan Supreme Court has concluded that an insurer, as the employer of counsel to represent the insured, can bring a legal malpractice action against the attorney. Although the court based its holding on equitable subrogation, a theory rejected in California, the policy discussion in *Atlanta Intern. Ins. Co.*

---

[3]This case is also distinct from *Assurance Co. of America* v. *Haven* (1995) 32 Cal.App.4th 78 [38 Cal.Rptr.2d 25], which limited an insurer's legal malpractice action against independent *Cumis* counsel (*San Diego Federal Credit Union* v. *Cumis Ins. Society, Inc.* (1984) 162 Cal.App.3d 358 [208 Cal.Rptr. 494, 50 A.L.R.4th 913]) to breaches of the statutory duties in Civil Code section 2860. Here Unigard did not hire the O'Flaherty law firm as independent *Cumis* counsel, and no conflict of interest, as defined in Civil Code section 2860, arose.

v. *Bell* (1991) 438 Mich. 512 [475 N.W.2d 294] applies equally to the result we reach in this appeal. We quote it at some length.

"A rule of law expanding the parameters of the attorney-client relationship in the defense counsel-insurer context might well detract from the attorney's duty of loyalty to the client in a potentially conflict-ridden setting. Yet to completely absolve a negligent defense counsel from malpractice liability would not rationally advance the attorney-client relationship. Moreover, defense counsel's immunity from suit by the insurer would place the loss for the attorney's misconduct on the insurer. The only winner produced by an analysis precluding liability would be the malpracticing attorney. . . . [¶] The defense counsel-insurer relationship is unique. The insurer typically hires, pays, and consults with defense counsel. The possibility of conflict unquestionably runs against the insured, considering that defense counsel and the insurer frequently have a longstanding, if not collegial, relationship. [¶] In a malpractice action against a defense counsel, however, the interests of the insurer and the insured generally merge. The client and the insurer both have an interest in not having the case dismissed because of attorney malpractice. Allowing recovery for the insurer on the basis of the failure of defense counsel to adhere to basic norms of duty of care thus would not 'substantially impair an attorney's ability to make decisions that require a choice between the best interests of the insurer and the best interests of the insured.' . . . The best interest of both insurer and insured converge in expectations of competent representation." (*Atlanta Intern. Ins. Co. v. Bell, supra,* 475 N.W.2d at p 298, fn. omitted.)

Other cases have also acknowledged the existence of an attorney-client relationship between an insurer and counsel hired to represent the insured. (*Home Indem. Co. v. Lane Powell Moss and Miller* (9th Cir. 1995) 43 F.3d 1322, 1330-1331 [a jury instruction was approved which recognized an attorney-client relationship between the insurer and the attorney hired to represent the insured]; *Kirtland & Packard v. Superior Court* (1976) 59 Cal.App.3d 140, 145 [131 Cal.Rptr. 418] [described the insurer as both employer and client of defendant law firm]; *American Mut. Liab. Ins. Co. v. Superior Court* (1974) 38 Cal.App.3d 579, 590-591 [113 Cal.Rptr. 561] [held that the attorney had dual obligations when retained by an insurer to defend an insured]; and *Fireman's Fund Ins. Co. v. McDonald Hecht & Solberg, supra,* 30 Cal.App.4th 1373, 1385 [recognized that the insurer in *Kirtland & Packard, supra,* could have asserted legal malpractice action as employer and client of the insured's defense attorney].)

We conclude that where the insurer hires counsel to defend its insured *and does not raise or reserve any coverage dispute, and where there is otherwise*

*no actual or apparent conflict of interest between the insurer and the insured that would preclude an attorney from representing both*, the attorney has a dual attorney-client relationship with both insurer and insured. This relationship provides a sufficient basis for Unigard's legal malpractice action against the O'Flaherty law firm.

### 3. *Whether An Attorney Has Met the Professional Standard of Care Is an Issue of Fact*

■ "The formulation of the standard of care is a question of law for the court. [Citations.] Once the court has formulated the standard, its application to the facts of the case is a task for the trier of fact if reasonable minds might differ as to whether the defendants' conduct has conformed to the standard. [Citations.]" (*Ramirez* v. *Plough, Inc.* (1993) 6 Cal.4th 539, 546 [25 Cal.Rptr.2d 97, 863 P.2d 167, 27 A.L.R.4th 899].) Only if the circumstances permit no reasonable doubt about whether the attorney's conduct did or did not violate the standard of care, may the court as a matter of law resolve the question whether an attorney breached a duty to clients. (*Tsakos Shipping & Trading, S.A.* v. *Juniper Garden Town Homes, Ltd.* (1993) 12 Cal.App.4th 74, 96, fn. 13 [15 Cal.Rptr.2d 585].) In *Starr* v. *Mooslin* (1971) 14 Cal.App.3d 988, 998 [92 Cal.Rptr. 583], the court stated: " 'In any negligence action the existence of a duty of care owed by the defendant to the plaintiff is a question of law for the court. [Citation.] If a duty exists, the complementary degree of care exacted of the defendant—usually that of a reasonable man of ordinary prudence in a like situation—is also declared by law. [Citation.] Breach of duty is usually a fact issue for the jury; if the circumstances permit a reasonable doubt whether the defendant's conduct violates the boundaries of ordinary care, the doubt must be resolved as an issue of fact by the jury rather than of law by the court.' " (*Id.* at p. 998.)

■ The standard of care in attorney malpractice is clear. In determining whether the O'Flaherty law firm used the requisite competence in handling Unigard's lawsuit, the crucial inquiry is whether their advice and actions were so legally deficient when given that it demonstrates a failure to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in performing the tasks they undertake. (*Smith* v. *Lewis* (1975) 13 Cal.3d 349, 356 [118 Cal.Rptr. 621, 530 P.2d 589, 78 A.L.R.3d 231], overruled on other grounds in *In re Marriage of Brown* (1976) 15 Cal.3d 838, 851 [126 Cal.Rptr. 633, 544 P.2d 561, 94 A.L.R.3d 164].) "The standard is that of members of the profession 'in the same or a similar locality under similar circumstances.' [Citation.]" (*Wright* v. *Williams* (1975) 47 Cal.App.3d 809 [121 Cal.Rptr. 194].)

■ The question of whether the conduct of the O'Flaherty law firm breached the duty by failing to conform to the standard of care is a matter of

law only if reasonable minds *cannot differ* on whether the conduct does or does not satisfy the standard of care. In all other cases the question will be treated as a question of fact, as it is in any other negligence action. (*Wright v. Williams, supra,* 47 Cal.App.3d 802, 808-809.) The question then becomes whether reasonable minds cannot differ on the question of whether the conduct of the O'Flaherty law firm satisfied the standard of care in failing to raise the *Witt* v. *Jackson* and exclusivity of workers' compensation defenses in defending the Hunn lawsuit.

The O'Flaherty law firm claims that *Doney* v. *Tambouratgis* (1979) 23 Cal.3d 91 [151 Cal.Rptr. 347, 587 P.2d 1160] provides an exception to the duty to interpose these defenses. A defendant claiming that the Workers' Compensation Act protects him from an action at law bears the burden of pleading and proving that the act bars the employee's remedy. However, "[a]n exception to this general rule of pleading and proof by the defendant appears in the situation where the complaint affirmatively alleges facts indicating coverage by the act. Then, unless the complaint goes on to state additional facts which would negative the application of the act, no civil action will lie and the complaint is subject to a general demurrer." (*Id.* at 96-97.)

In *Doney*, the complaint contained no allegation indicating, directly or indirectly, that an employment relationship existed between plaintiff and defendant, or that the plaintiff's injuries arose in the course of employment. *Doney* held that the employer who failed to plead and prove these defenses could not raise them for the first time on appeal after a judgment in favor of plaintiff. (*Doney* v. *Tambouratgis, supra,* 23 Cal.3d at pp. 97-98.)

Citing *Doney, Rowland* v. *County of Sonoma* (1990) 220 Cal.App.3d 331, 335 [269 Cal.Rptr. 426] stated that another exception to the duty to plead affirmatively a workers' compensation defense should apply when post-pleading motions indicate that the conditions of compensation might exist. *Rowland* reversed a grant of summary judgment to permit the trial court to determine whether plaintiff was an employee of defendant for purposes of assessing the court's jurisdiction. Thus, *Rowland* provides authority for the proposition that failure to plead the affirmative defense of the exclusive remedy of the Workers' Compensation Act in the answer does not terminate the defendant's right to do so.[4] The implication is that defendant had a right to amend, after the answer, to set forth these affirmative defenses.

---

[4]*Doney* also implied that a defendant could raise the issue after the answer. *Doney* pointed out that ". . . no suggestion is made that defendant at any time amended or sought to amend his pleadings to set forth the affirmative defense in question." (*Doney* v. *Tambouratgis, supra,* 23 Cal.3d at p. 98, fn. 9.) The complaint contained no facts indicating an employment

The O'Flaherty law firm, however, never did so and by the time a successor law firm sought leave to amend the trial court denied that motion, for reasons the record on appeal does not disclose. There is also a subsidiary issue as to whether the complaint satisfies the requirement of the *Doney* exception by alleging conditions of compensation (Lab. Code, § 3600); nowhere, for instance, does the complaint allege that Hunn was an employee of Wilkinson. But leaving this significant question aside, even if the *Doney* exception justifies the failure of the O'Flaherty firm to raise the workers' compensation defenses in the answer, a question of fact arises as to why the O'Flaherty firm failed to raise these defenses in a demurrer (as authorized by *Doney*), a summary judgment motion (as in *Rowland*) or in some other pleading. The existence of these questions raises sufficient factual dispute to make this a question of fact for the jury. Thus, it was error for the trial judge to determine the question as a question of law.

In assessing whether a factual dispute creates doubt whether the O'Flaherty law firm satisfied its professional standard of care in defending against the complaint, it is relevant that the Hunn complaint named several other defendants. Two such defendants, ALC and Apple One, cross-complained against Wilkinson, on whose behalf the O'Flaherty law firm filed answers. Unlike the answer filed to the Hunn complaint, those answers contained one or more *Witt* v. *Jackson* workers' compensation defenses. The inclusion of defenses in other answers filed by the O'Flaherty law firm further places in factual dispute whether it satisfied its standard of care in representing Wilkinson in defending it against the Hunn complaint.

In a related point, Unigard argues that by determining the question of negligence as a matter of law, the trial court prevented Unigard from introducing any expert testimony concerning whether the O'Flaherty law firm had been negligent in representing Wilkinson. ■ In negligence cases arising from the rendering of professional services, as a general rule the standard of care against which the professional's acts are measured remains a matter peculiarly within the knowledge of experts. Only their testimony can prove it, unless the lay person's common knowledge includes the conduct required by the particular circumstances. (*Flowers* v. *Torrance Memorial Hospital Medical Center* (1994) 8 Cal.4th 992, 1001 [35 Cal.Rptr.2d 685, 884 P.2d 142].) This rule applies to legal malpractice cases. (*Jeffer, Mangels & Butler* v. *Glickman* (1991) 234 Cal.App.3d 1432, 1438-1441 [286 Cal.Rptr. 243].)

relationship; defendant's answer denied all allegations and failed to set up the affirmative defense of the Workers' Compensation Act. "At that point, *and pending further amendment of the pleadings*, the issues between the parties and before the court were joined." (*Doney, supra*, at p. 99, italics added.)

We conclude that the issue of whether the O'Flaherty law firm satisfied its standard of care was properly a factual question, not a legal one. Hence it should have been placed before the trier of fact. Unless that question comes under the "common knowledge" exception, the parties may introduce expert testimony concerning on the question of whether the O'Flaherty law firm did or did not satisfy the standard of care.

## DISPOSITION

The judgment is reversed. Unigard shall recover its costs on appeal.

Klein, P. J., and Aldrich, J., concurred.

A petition for a rehearing was denied October 26, 1995, and respondents' petition for review by the Supreme Court was denied January 4, 1996.