Filed 10/12/23  Kalili v. Broukhim CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| TOM KALILI et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>KAMRAN BROUKHIM et al.,<br><br>    Defendants and Respondents. | B321952<br><br>(Los Angeles County<br> Super. Ct. No. 18STCV04872) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark A. Borenstein, Judge.  Affirmed.

Arya Law Center and Majid Safaie for Plaintiffs and Appellants.

Carroll, Kelly, Trotter & Franzen, John C. Kelly, Gabriel Irwin; Cole Pedroza, Kenneth R. Pedroza, and Dana L. Stenvick for Defendants and Respondents Kamran Broukhim, M.D., and Integrated Healthcare Medical Group.

Fraser Watson & Croutch, David M. Wright and Daniel K. Dik for Defendant and Respondent Malek Sheibani, M.D.

## INTRODUCTION

Dr. Tom Kalili (Dr. Kalili) and his wife Karolina Jasinska (collectively plaintiffs) brought an action for medical malpractice and loss of consortium against defendants, alleging they failed to diagnose and treat Dr. Kalili's bladder cancer. Plaintiffs did not designate any expert witnesses in response to a demand for exchange of expert witnesses served pursuant to Code of Civil Procedure section 2034.210, et seq.[1] During trial, plaintiffs moved for a continuance to allow them to present the expert testimony of one of Dr. Kalili's treating physicians. The court denied the motion, holding they were precluded from offering expert opinion testimony from an undesignated expert witness. At the close of plaintiffs' case, the court granted defendants' motions for nonsuit and entered judgment in their favor based on plaintiffs' failure to introduce the expert opinion testimony necessary to establish their claims. Plaintiffs appeal the entry of judgment against them, arguing the trial court erred in denying their request for a continuance and in granting defendants' motions for nonsuit. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

A.   *Complaint*

Plaintiffs filed their operative third amended complaint alleging causes of action for medical malpractice and loss of consortium against defendants Dr. Kamran Broukim, Dr. Malek Sheibani, and Integrated Healthcare Medical Group (defendants). Plaintiffs alleged Dr. Kalili began experiencing abdominal pain in August 2017 and sought treatment from defendants in September 2017. Plaintiffs claimed defendants misdiagnosed Dr. Kalili's

---

[1]    All further statutory references are to the Code of Civil Procedure unless otherwise stated.

2

condition as abdominal gas. When the medication prescribed by defendants failed to alleviate Dr. Kalili's symptoms, he sought emergency medical care from UCLA's Ronald Regan Hospital. He was diagnosed with stage IV bladder cancer. Plaintiffs further alleged defendants' failure to accurately diagnose or treat Dr. Kalili's cancer fell below the standard of care and caused him to incur unnecessary pain and suffering in prolonging the resolution of his cancer.

B.     *Discovery and Pretrial Motions*

In the course of discovery, plaintiffs were served with a demand for exchange of experts pursuant to section 2034.210. In response, plaintiffs did not identify any retained or non-retained experts. On October 8, 2021, defendants filed motions in limine to preclude plaintiffs from offering expert testimony at trial based on their failure to designate any expert witnesses in discovery. On March 2, 2022, the trial court heard and granted those motions in limine. The court then continued the trial to March 3 for jury selection.

C.     *Trial*

When the parties appeared for trial on March 3, they agreed to waive a jury and proceed instead with a court trial. In their opening statement, plaintiffs argued Dr. Kalili's treating physicians would be offered as fact witnesses to testify about the medical treatments he received. Plaintiffs did not assert they would be offering expert testimony as part of their case, but stated they might offer expert testimony to impeach an expert offered by defendants.

At the conclusion of plaintiffs' opening statement, defendants moved for nonsuit, arguing plaintiffs' inability to offer expert testimony as part of their case was fatal to their claims. The court deferred ruling on defendants' motions until after plaintiffs' presentation of evidence. Defendants proceeded with their opening statements, after which plaintiffs were instructed to call their first witness. Plaintiffs requested the court adjourn for the day and resume the next day, at which time plaintiffs would call their first witness. The court granted plaintiffs' request but cautioned that plaintiffs would be deemed to have rested once they ran out of witnesses who were present and ready to testify, including Dr. Kalili's treating physicians.

On Friday, March 4, the court heard testimony from both plaintiffs. At the conclusion of their testimony, the court inquired about further witnesses plaintiffs intended to present. Plaintiffs identified one of Dr. Kalili's treating physicians, Dr. Alexandra Drakaki. Plaintiffs acknowledged Dr. Drakaki had been subpoenaed to appear on March 10, but they did not know if she would be available to testify on Monday, March 7. The court granted plaintiffs' request to adjourn for the day, again warning plaintiffs they would be deemed to have rested their case if they did not have a witness to present on March 7, and the court would proceed to rule on defendants' motions for nonsuit. The court also noted Dr. Drakaki was precluded from offering expert opinion testimony on the standard of care or causation as plaintiffs did not designate her or any other expert witnesses in discovery.

When the parties returned for trial on March 7, plaintiffs informed the court they had no witnesses ready to testify, and Dr. Drakaki would not appear until March 10. Plaintiffs asked the court to continue the trial to March 10 so Dr. Drakaki could testify. The court denied plaintiffs' request for a continuance, again noting plaintiffs had not designated any expert

4

witnesses and Dr. Drakaki was precluded from offering expert opinion testimony as part of plaintiffs' case. With no further witnesses to present, the court deemed plaintiffs had rested their case. The court then heard defendants' motions for nonsuit, ultimately granting the motions because plaintiffs had failed to designate any experts and could not put forth expert testimony on the standard of care or medical causation, which was necessary to establish their claims against defendants.

On May 2, 2022, the court entered judgment in favor of defendants. Plaintiffs filed a timely notice of appeal of the judgment.

## DISCUSSION

A.    *Standards of Review*

We review the denial of a motion to continue the trial date for abuse of discretion. (*Advantec Group, Inc. v. Edwin's Plumbing Co., Inc.* (2007) 153 Cal.App.4th 621, 630.) A trial court's exercise of discretion will be upheld if it is based on a "reasoned judgment" and comports with the appropriate legal principles and policies. (*Id.,* quoting *Color-Vue, Inc. v. Abrams* (1996) 44 Cal.App.4th 1599, 1603.)

We review a grant of a motion for nonsuit de novo. (*Curtis v. Santa Clara Valley Medical Center* (2003) 110 Cal.App.4th 796, 800 (*Curtis*).) We uphold the trial court's determination if, interpreting the evidence and resolving all inferences and presumptions in favor of the plaintiff and against the defendant, a judgment for the defendant is required as a matter of law. (*Id.*)

5

B.     *Request for Trial Continuance*

Plaintiffs argue that the trial court erred in denying their motion to continue the trial date to allow them to introduce testimony from Dr. Drakaki because Dr. Drakaki was a material witness, and her testimony was needed to offer the expert opinion testimony necessary to establish their claims for medical malpractice.

Trial continuances are disfavored and the trial court "may grant a continuance only on an affirmative showing of good cause requiring the continuance."  (Cal. Rules of Court, rule 3.1332(c).)  Good cause for a continuance may exist where "an essential lay or expert witness" is unavailable "because of death, illness, or other excusable circumstances."  (Cal. Rules of Court, rule 3.1332(c)(1), (c)(2); see also § 595.4 [trial may be postponed based on "the absence of a material witness"].) In ruling on a motion to continue a trial, "The trial court must consider all relevant facts and circumstances surrounding the continuance."  (*Qaadir v. Figueroa* (2021) 67 Cal.App.5th 790, 813.)  When a continuance is sought to secure the attendance of a witness, the moving parties must establish they exercised due diligence to secure the witness's attendance at trial and demonstrate the witness's expected testimony is material to the case.  (*Id*. at pp. 813–814.) "Granting or denying a motion for midtrial continuance is within the sound discretion of the trial court, which must consider not only the benefit the moving party anticipates, but also the likelihood the benefit will result." (*People v. Gonzales and Soliz* (2011) 52 Cal.4th 254, 291.)

A party must identify its expert witnesses before trial in response to a demand for exchange of expert witness information under section 2034.210. This requirement applies to both retained and non-retained experts. (§§ 2034.210, subd. (a), 2034.260, subd. (b)(1).)  Section 2034.300 provides,

with certain exceptions not applicable here, "the trial court shall exclude from evidence the expert opinion of any witness that is offered by any party who has unreasonably failed to do any of the following: [¶] (a) List that witness as an expert under Section 2034.260."

Plaintiffs do not contend the trial court erred in finding Dr. Drakaki was precluded from offering expert testimony under section 2034.300 because plaintiffs did not designate her as an expert witness. Instead, plaintiffs argue Dr. Drakaki could have nonetheless offered expert testimony under *Ochoa v. Dorado* (2014) 228 Cal.App.4th 120 (*Ochoa*) and *Schreiber v. Estate of Kiser* (1999) 22 Cal.4th 31 (*Schreiber*). Neither case supports plaintiffs' claim.

In both *Ochoa* and *Schreiber,* the issue was whether the plaintiffs' treating physicians were precluded from offering expert testimony because the designating party had not provided an expert declaration for those witnesses. (*Ochoa, supra,* 228 Cal.App.4th at p. 139; *Schreiber, supra,* 22 Cal.4th at p. 34.) In each case, the court held that the expert declaration requirement does not apply to non-retained treating physicians. Crucially, the plaintiffs in *Ochoa* and *Schreiber* identified the relevant treating physicians by name in their respective expert disclosures. (*Ochoa, supra,* 228 Cal.App.4th at p. 126; *Schreiber, supra,* 22 Cal.4th at p. 34.) The same is not true of plaintiffs here, who did not provide an expert disclosure and thus did not designate a single retained expert or treating physician to offer expert testimony at trial.

*Kalaba v. Gray* (2002) 95 Cal.App.4th 1416 (*Kalaba*), is squarely on point. The plaintiff in *Kalaba* served an expert disclosure that identified certain retained experts by name and reserved the right to call her "'past or present examining and/or treating physicians'" as experts without identifying

any physician by name. (*Id*. at p. 1418.) The trial court granted defendant's motion to exclude expert testimony from plaintiff's treating physicians because they had not been properly designated as required by statute. The court then granted defendant's motion for nonsuit as plaintiff was without an expert to testify as to the standard of care in support of her claim for medical malpractice. (*Id*. at p. 1419.) The Court of Appeal affirmed, holding plaintiff's treating physicians were properly excluded pursuant to section 2034.300, subdivision (a),[2] as plaintiff had failed to identify these treating physicians by name in her expert disclosure. (*Id*. at pp. 1422–1423.) Under *Kalaba*, "[A] party who intends to call a treating physician as an expert must identify that physician in her designation of experts." (*Id*. at p. 1423.)

The trial court correctly determined section 2034.300 prevented Dr. Drakaki from offering any expert opinion testimony in this action. As Dr. Drakaki was properly precluded from offering expert opinion testimony in support of plaintiffs' claims, plaintiffs have failed to show she was a material witness whose absence constituted good cause for a mid-trial continuance. Absent any showing of good cause by plaintiffs, the court acted within its discretion in denying plaintiffs' request to continue the trial to allow her to testify.

C.    *Motion for Nonsuit*

Plaintiffs do not dispute that they were required to present expert testimony on the standard of care and causation to succeed in their claims against defendants. It is also undisputed that they did not present such

---

[2]    At the time *Kalaba* was decided, this mandatory exclusionary remedy was codified at section 2034, subdivision (j), which was later renumbered to section 2034.300.

testimony. Plaintiffs argue the trial court erred in granting defendants' motion for nonsuit without hearing testimony from Dr. Drakaki. This argument fails. As we have already determined, the court properly found Dr. Drakaki was precluded from offering expert testimony because she was not identified on plaintiffs' expert witness disclosure. Alternatively, plaintiffs argue the court was required to accept as true the representations made in plaintiffs' opening statement as to what such testimony would have established in ruling on defendants' motion for nonsuit. We reject this argument as well.

"A motion for nonsuit is a procedural device which allows a defendant to challenge the sufficiency of plaintiff's evidence to submit the case to the jury." (*Campbell v. General Motors Corp.* (1982) 32 Cal.3d 112, 117.) "A defendant is entitled to a nonsuit if the trial court determines that, as a matter of law, plaintiff's evidence does not permit a jury to find in plaintiff's favor." (*Unigard Ins. Group v. O'Flaherty & Belgum* (1995) 38 Cal.App.4th 1229, 1234.) "In determining whether plaintiff's evidence is sufficient, the court may not weigh the evidence or consider the credibility of witnesses. Instead, the evidence most favorable to plaintiff must be accepted as true and conflicting evidence must be disregarded." (*Campbell, supra,* 32 Cal.3d at p. 118.) "There must be, however, some substance to the plaintiff's evidence upon which reasonable minds could differ; proof that raises mere speculation, suspicion, surmise, guess, or conjecture is not sufficient." (*Ashcraft v. King* (1991) 228 Cal.App.3d 604, 611, italics omitted.)

Plaintiffs rely on *Carachure v. Scott* (2021) 70 Cal.App.5th 16 (*Carachure*) and *Palazzi v. Air Cargo Terminals, Inc.* (1966) 244 Cal.App.2d 190, each of which concerned the standard for granting a motion for nonsuit after the plaintiff's opening statement and before the plaintiff's presentation

9

of evidence.  As the *Carachure* court noted, "A nonsuit at this early stage of the proceedings is disfavored."  (*Carachure*, *supra,* 70 Cal.App.5th at p. 25, quoting *Galanek v. Wismar* (1999) 68 Cal.App.4th 1417, 1424.)  Accordingly, in ruling on a motion for nonsuit after the conclusion of the opening statement, the court must accept all facts asserted in the opening statement as true and indulge every inference which can be legitimately drawn from those facts.  (*Carachure*, at p. 25.)  However, in ruling on a motion for nonsuit after the presentation of a plaintiff's case, the court may only consider the actual evidence put forth by the plaintiff.  (*Carmichael v. Reitz* (1971) 17 Cal.App.3d 958, 967 ["In determining whether the evidence was sufficient to permit plaintiff to go to the jury only the evidence which was before the court at the time when the nonsuit was granted may be considered"].)

While defendants made motions for nonsuit after plaintiffs' opening statement, the court deferred ruling on them until after plaintiffs were deemed to have rested their case.  In ruling on defendants' motions for nonsuit after the presentation of plaintiffs' evidence, the court was not required to credit the assertions made in plaintiffs' opening statement and instead had to consider the actual evidence presented by plaintiffs, which did not include any expert testimony.

"Generally, a plaintiff must have a qualified expert to maintain a medical malpractice action."  (*James v. St. Elizabeth Community Hospital* (1994) 30 Cal.App.4th 73, 82.)  "A physician's standard of care is the key issue in a malpractice action and can only be proved by expert testimony unless the circumstances are such that the required conduct is within the layperson's common knowledge."  (*Curtis, supra,* 110 Cal.App.4th at p. 800.)  Nonsuit is properly granted to defendants in a medical malpractice action where the plaintiff fails to put forth expert testimony as to the standard of care or

causation.  (See, e.g., *Kalaba, supra,* 95 Cal.App.4th at p. 1424 [affirming grant of nonsuit based on plaintiff's failure to put forth expert evidence in medical malpractice action]; accord, *Curtis, supra,* 110 Cal.App.4th at p. 800; *Zavala v. Board of Trustees* (1993) 16 Cal.App.4th 1755, 1765.)  As it is undisputed that plaintiffs were required to put forth expert testimony to establish their claims against defendants, the court did not err in granting defendants' motions for nonsuit when they failed to do so.

## DISPOSITION

The judgment is affirmed.  Defendants are awarded their costs on appeal.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

ZUKIN, J.

WE CONCUR:

CURREY, P. J.

COLLINS, J.

11