Filed 2/24/26  Harooni v. Law Offices of David S. Lin CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| NAHIDEH HAROONI, | B341052 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 20STCV05310) |
| v. | |
| LAW OFFICES OF DAVID S. LIN, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Teresa A. Beaudet, Judge.  Affirmed.

Law Office of John A. Tkach and John A. Tkach for Plaintiff and Appellant.

Law Offices of David S. Lin and David S. Lin for Defendant and Respondent.

_____

Plaintiff Nahideh Harooni appeals from a judgment entered after the trial court granted the motion for nonsuit of defendant Law Offices of David S. Lin (Lin) in this legal malpractice action. The court agreed with Lin's arguments that Harooni could not establish legal malpractice without presenting expert testimony on the applicable duty of care and Harooni failed to timely designate such an expert. Harooni challenges the judgment on procedural and substantive grounds, none of which have merit. Accordingly, we affirm.

## BACKGROUND

**A.    Harooni's Allegations Against Lin**

Harooni filed this action against Lin in February 2020. Later that year, she filed the operative first amended complaint, a form pleading asserting causes of action for breach of contract and negligence. In support of both causes of action, she alleged Lin represented her in a dental malpractice action, he "failed to retain an expert in a timely manner," and, "[a]s a result of that failure, [he] failed to sufficiently address the Separate Statement of Facts in Dispute attached to Defendant's Motion for Summary Judgment that should have been based on expert witness testimony." Based on the parties' briefing in connection with the motion for nonsuit, it appears Harooni lost the underlying dental malpractice case at the summary judgment stage, although she did not allege that in the first amended complaint and there is no evidence in the record before us confirming that. Lin filed an answer denying the allegations of the operative complaint.

To add context that Harooni did not include in the first amended complaint, we note that she did not dispute during the litigation below and she does not dispute on appeal that Lin *did*

2

retain a dental expert in the underlying action, and that expert rendered an opinion unfavorable to Harooni, i.e., that there was no dental malpractice in her case.  Harooni contends Lin had a duty to attempt to find another expert who could support her dental malpractice case in advance of the deadline to oppose the defendants' motion for summary judgment.  She does not dispute that Lin filed an opposition to the summary judgment motion.

## B.    Harooni Designates Dental Experts but No Legal Malpractice Expert

Harooni filed a timely notice of designation of expert witnesses, designating two dentists as her expert witnesses in the present legal malpractice action.  Several months after the deadline to designate expert witnesses, Harooni filed a motion for leave to amend her expert witness designation to include an expert who could "testify to issues of legal ethics and standards in this case circumstances [*sic*]."  Lin opposed the motion, and the trial court denied it.  Harooni does not challenge the denial of that motion in this appeal.

## C.    Lin Files a Motion for Nonsuit After Harooni Declines to Make an Opening Statement at the Bench Trial

A bench trial commenced on May 14, 2024.  Harooni's counsel indicated that Harooni did not intend to present any exhibits at trial (e.g., the summary judgment papers filed in the underlying dental malpractice action), and counsel declined to present an opening statement.

Immediately thereafter, Lin made an oral motion for nonsuit and submitted an accompanying written motion

3

pursuant to Code of Civil Procedure section 581c.  He argued that without a legal negligence expert, Harooni could not prove Lin failed to meet the standard of care in the underlying dental malpractice action (duty and breach) or that she would have achieved a more favorable outcome but for his actions or omissions (causation and damages).  The court noted that the written motion relied on federal case law, not California state case law, and it did not address Harooni's breach of contract cause of action.  For these reasons, the court denied the motion without prejudice.  Lin informed the court that he intended to file a new motion for nonsuit addressing the issues and asked if the court would stay the trial pending the outcome of the motion. The court stated that the trial would proceed with testimony from witnesses, and the court would decide the "legal issue" presented by the motion for nonsuit after Lin filed new papers.  Lin gave an opening statement and Harooni testified on direct and cross-examination before the proceedings were adjourned for the day.[1]

## D.    Lin Files a Renewed Motion for Nonsuit

At the outset of the second day of trial, May 21, 2024, Lin renewed his oral motion for nonsuit and presented a new written motion.  He informed the court that his written motion was "pretty much the same" as the motion he filed on the first day of trial, but it was now supported by California state case law.  He also argued that Harooni's breach of contract and negligence

_____

[1] We do not summarize the trial testimony because the alleged dental malpractice that was the subject of the underlying action is not pertinent to the legal issue before us: whether the trial court properly granted nonsuit based on Harooni's failure to timely designate a legal malpractice expert.

4

causes of action were identical and the same legal analysis applied to both.[2]

Harooni's counsel requested time to prepare an opposition to the motion for nonsuit, which the trial court granted. The court set a hearing on the motion for June 10, 2024, and the trial proceedings were adjourned until then.[3]

## E. Harooni Files an Opposition to the Motion for Nonsuit

In her opposition, Harooni referenced the general rule that requires expert witness testimony to prove legal malpractice. She argued, however, that her case fell within the "narrow exception" to the rule "[w]here the conduct required by the particular circumstances is obvious to a layman," and "the negligence is obvious to a layman." As Harooni characterized the alleged negligence, Lin had a duty to submit an expert declaration in opposition to the summary judgment motion filed against her in the underlying dental malpractice action, and he "did not meet" the deadline to do so. She asserted, "That does not require an expert to present these very facts to the trier of fact." She added that these "facts" were within her own common knowledge, suggesting that her testimony was sufficient to establish Lin acted below the standard of care.

Acknowledging Lin's assertion that he *did* retain a dental expert in advance of the deadline to oppose the summary

---

[2] Harooni does not dispute that the gravamen of this action is legal malpractice, and if her negligence cause of action fails, so too does her breach of contract cause of action.

[3] Prior to the adjournment, Harooni's testimony concluded, and one of her dental experts testified.

judgment motion, and without disputing the assertion, Harooni argued Lin "had an obligation to pursue other experts" after he "discovered his expert was not favorable to [Harooni]'s position." She also argued that Lin should have retained the expert earlier than he did, emphasizing his "prior experience in medical malpractice" actions.

As Lin pointed out in his reply brief in support of the motion for nonsuit, Harooni did not cite any cases shedding light on the standard of care an attorney must meet under circumstances similar to those presented in the underlying action, or any cases indicating the applicable standard of care would be within a layperson's common knowledge. Lin also argued in the reply brief, among other things, "As a layperson, [Harooni]'s personal perception and contentions of legal proceedings can never constitute proper legal authority to establish and prove up relevant professional standards, i.e., negligent breach of any duties owed, let alone, and more importantly, to prove, establish and determine the causation elements of her claims in this case." (Underlining omitted.) He maintained that the issues in this case—"includ[ing] whether an attorney has a duty to seek to hire additional expert witnesses for the client, i.e., to engage in expert witness shopping to seek to find an expert who is willing to provide a favorable expert opinion"—do not fall within the narrow "common knowledge" exception which would allow the case to proceed without a legal malpractice expert.

## F. The Trial Court Grants the Motion for Nonsuit

The court held a hearing on Lin's motion for nonsuit on June 20, 2024 (after continuing the hearing on the court's own

6

motion).  The court issued a tentative ruling granting the motion. Both sides submitted on the tentative, which the court adopted as its final order.

The court noted in the order that Harooni did not dispute Lin hired an expert witness in the underlying action, "who determined that no professional dental negligence existed."  The court also noted Harooni cited no legal authority supporting her assertions (1) that Lin " 'had an obligation to pursue other experts' " after the first rendered an opinion unfavorable to her case, and (2) that the purported obligations to retain an expert witness earlier in the litigation and to find a second expert are within the common knowledge of laypersons.  After reviewing and considering relevant case law, the court concluded, the " 'general rule is that expert evidence is required to establish legal malpractice,' " and Harooni did not "demonstrate[ ] that the purported conduct required by [Lin] in the underlying action is within the common knowledge of a layman," such that the exception to the general rule would apply.  For these reasons, the court granted Lin's motion for nonsuit.

On August 16, 2024, the trial court dismissed Harooni's legal malpractice action and entered judgment in favor of Lin. Harooni filed a timely notice of appeal from the judgment.[4]

---

[4] In her appellate reply brief, Harooni asks us to "disregard" Lin's respondent's brief because Lin did not cite to the record in support of certain statements in the brief, including that Harooni did not designate a legal malpractice expert in this action and that Lin retained an expert in the underlying dental malpractice action, statements she did not dispute below and does not dispute on appeal.  She also asks us to "strike" the respondent's brief, claiming Lin's assertions that her arguments are "highly specious and completely illegitimate" are

7

## DISCUSSION

### A. Legal Principles Regarding Motions for Nonsuit

As set forth in Code of Civil Procedure[5] section 581c, subdivision (a), "Only after, and not before, the plaintiff has completed his or her opening statement, or after the presentation of his or her evidence in a trial by jury, the defendant, without waiving his or her right to offer evidence in the event the motion is not granted, may move for a judgment of nonsuit." "[T]he words and punctuation used in section 581c(a) produce a plain and unambiguous meaning—specifically, a superior court conducting a court trial has the authority to grant a motion for nonsuit after the plaintiff's opening statement." (*Lingenfelter v. County of Fresno* (2007) 154 Cal.App.4th 198, 208 (*Lingenfelter*).) In contrast, a motion made in a court trial "[a]fter a party has completed his [or her] presentation of evidence" is a motion for judgment, governed by section 631.8. (§ 631.8, subd. (a); *Lingenfelter*, at p. 204.)

On appeal, Harooni makes a procedural argument that she did not raise in the trial court. She now contends that Lin should have brought a motion for judgment under section 631.8 instead of a motion for nonsuit under section 581c. Generally, issues not raised in the trial court may not be raised for the first time on appeal. However, we may exercise our discretion to consider such an issue "to the extent it presents a pure question of law or involves undisputed facts." (*Howitson v. Evans Hotels, LLC*

---

"disrespectful." (Underlining in the respondent's brief omitted.) We have reviewed Harooni's complaints about the respondent's brief and decline her request to strike it.

[5] Undesignated statutory references are to the Code of Civil Procedure.

(2022) 81 Cal.App.5th 475, 489, citing *In re Sheena K.* (2007) 40 Cal.4th 875, 888, fn. 7.)  Because Harooni's new argument falls within this exception to the general rule, and Lin responded to the argument on the merits in the respondent's brief without asserting forfeiture, we address it.

On the one hand, Harooni argues section 581c is "inapplicable" because this "case was tried [as] a bench trial."  On the other hand, she relies on *Lingenfelter* and acknowledges its holding that a court may grant a motion for nonsuit under section 581c in a court trial after the plaintiff's opening statement, but after the completion of the plaintiff's evidence in a court trial the proper motion is a motion for judgment under section 631.8. (*Lingenfelter*, *supra*, 154 Cal.App.4th at pp. 204, 208.)

Here, Lin brought a motion for nonsuit immediately after Harooni declined to make an opening statement and before she presented any evidence, a motion which fell within the scope of section 581c.  After the trial court denied the motion without prejudice because it did not rely on California state law or discuss one of the causes of action, Lin addressed these issues and presented a renewed motion for nonsuit at the outset of the second day of trial.

Although it is not clear from her briefing, it appears Harooni may be arguing that because she began presenting her evidence before Lin filed his renewed motion, that transformed the motion from a motion for nonsuit under section 581c to a motion for judgment under section 631.8.  To the extent this is her argument, we reject it.  When the court denied Lin's initial motion without prejudice, Lin asked the court to stay the trial proceedings until after he filed a corrected motion and the court ruled on it.  The court denied the request and had Harooni begin

9

presenting her evidence.  Notwithstanding that, when the court considered the renewed motion, it treated it as what it was: a motion for nonsuit under section 581c, made at the opening statement stage of the court trial (and corrected on the next court day after the denial without prejudice).  There was no error.

Because we conclude the trial court properly entertained the motion for nonsuit, we need not address Harooni's contention that the judgment does not comply with section 631.8 governing motions for judgment.

## B.    Standard of Review

We independently review the ruling on a motion for nonsuit under the same standard that governs the trial court.  (*Nally v. Grace Community Church* (1988) 47 Cal.3d 278, 291 (*Nally*).)  We presume a judgment is correct, and the appellant must affirmatively show error.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

Although nonsuit is generally disfavored at the opening statement stage of a trial, a defendant is entitled to a nonsuit if the court determines as a matter of law that the "plaintiff cannot establish an essential element of its cause of action or has inadvertently established uncontrovertible proof of an affirmative defense."  (*Abeyta v. Superior Court* (1993) 17 Cal.App.4th 1037, 1041; see also *Nally*, *supra*, 47 Cal.3d at p. 291.)  The court "must accept all facts asserted in the opening statement as true and must indulge every legitimate inference which may be drawn from those facts."  (*Abeyta*, at p. 1041.)

We note that after Lin made the motion for nonsuit, Harooni did not ask to give an opening statement detailing the evidence she intended to present at trial.  In deciding the motion,

the trial court considered the allegations of the first amended complaint and the arguments and concessions Harooni made in her opposition to the motion, as do we.

## C. The General Rule Requiring Expert Testimony in Legal Malpractice Cases and the Common Knowledge Exception

"In civil malpractice cases, the elements of a cause of action for professional negligence are: '(1) the duty of the attorney to use such skill, prudence and diligence as members of the profession commonly possess; (2) a breach of that duty; (3) a proximate causal connection between the breach and the resulting injury; and (4) actual loss or damage.' " (*Wiley v. County of San Diego* (1998) 19 Cal.4th 532, 536.)  The standard of care applicable to the defendant attorney "is that of members of the profession 'in the same or a similar locality under similar circumstances.' " (*Wright v. Williams* (1975) 47 Cal.App.3d 802, 809 (*Wright*).)

Proof of an attorney's negligence "generally requires the testimony of experts as to the standards of care and consequences of breach." (*Lipscomb v. Krause* (1978) 87 Cal.App.3d 970, 976 (*Lipscomb*); see also *Gerard v. Ross* (1988) 204 Cal.App.3d 968, 988 ["To determine the validity of [a breach of duty] allegation [in a legal malpractice action], the trier of fact is entitled to the benefit of expert evidence as to the proof of the prevailing standard of skill and learning in the same or similar locality and the propriety of particular conduct by the practitioner"].)  "The need for expert testimony has particular force where the attorney . . . holds himself or herself out as a specialist . . . ." (*O'Shea v. Lindenberg* (2021) 64 Cal.App.5th 228, 236 (*O'Shea*).)

11

This general rule applies where "the challenged conduct or omission relates to matters not within the common knowledge of a layman" (*Davis v. Damrell* (1981) 119 Cal.App.3d 883, 887), and "reasonable minds" may differ as to whether the attorney met or breached the standard of care (*Piscitelli v. Friedenberg* (2001) 87 Cal.App.4th 953, 985). Thus, "[T]he standard of care against which the professional's acts are measured remains a matter peculiarly within the knowledge of experts. Only their testimony can prove it, unless the lay person's common knowledge includes the conduct required by the particular circumstances." (*Unigard Ins. Group v. O'Flaherty & Belgum* (1995) 38 Cal.App.4th 1229, 1239.)

The "common knowledge" exception to the general rule applies "[w]here the failure of attorney performance is so clear that a trier of fact may find professional negligence unassisted by expert testimony." (*Wilkinson v. Rives* (1981) 116 Cal.App.3d 641, 647-648, citing *Wright*, *supra*, 47 Cal.App.3d at p. 810.) "In other words, if the attorney's negligence is readily apparent from the facts of the case, then the testimony of an expert may not be necessary." (*Goebel v. Lauderdale* (1989) 214 Cal.App.3d 1502, 1508.) Courts have applied this exception narrowly, for example, where an attorney advised his client to take actions that violated the Penal Code (*Goebel*, at pp. 1508-1509 [nonsuit reversed]), and where an attorney failed to perform basic research on a settled question of law prior to advising her client, and the client acted to her detriment in accord with the attorney's advice (*Stanley v. Richmond* (1995) 35 Cal.App.4th 1070, 1093-1095 [nonsuit reversed]). "These cases [*Goebel* and *Stanley*] demonstrate a high standard for legal malpractice matters that may bypass the need for expert testimony on the standard of care. This exception only

applies to malpractice that is 'so clear' as to be unmistakable, or obvious malpractice resulting from an utter failure to undertake 'basic research.' " (*O'Shea*, *supra*, 64 Cal.App.5th at p. 238.)

Nonsuit in a legal malpractice trial is proper where the plaintiff fails to designate a legal malpractice expert, and the challenged conduct or omission is not within the common knowledge of laypersons. (See, e.g., *Lipscomb*, *supra*, 87 Cal.App.3d at p. 976 ["We conclude that the trial court did not err in granting the motion for nonsuit based on its conclusion that legal consequences of the facts by which Lipscomb sought to establish malpractice were not within the common knowledge of laymen and required expert testimony"].)

## D. Harooni Has Not Demonstrated That the Common Knowledge Exception Applies or That A Legal Malpractice Expert Was Otherwise Unnecessary in This Case

Harooni does not dispute that prior to the deadline to oppose defendants' motion for summary judgment in the underlying dental malpractice action, Lin retained an expert witness (a dentist) who reviewed Harooni's case and concluded there was no malpractice. Lin filed an opposition to the summary judgment motion that did not include a declaration from a dental expert.

Based on these facts, Harooni contends the common knowledge exception to the requirement for expert witness testimony in legal malpractice cases applies, and the trial court erred in granting nonsuit. Specifically, she argues: "Anyone without a legal background can easily see that accepting [the first

13

expert]'s opinion without seeking a second opinion clearly shows negligence, making the testimony of a legal expert unnecessary."

Harooni cites no cases shedding light on the applicable standard of care for a plaintiff's attorney in a dental or medical malpractice action whose expert reviews the plaintiff's case and concludes there was no malpractice, let alone cases indicating that the standard of care would be within the common knowledge of a layperson.  Is the requisite standard of care for a plaintiff's attorney in a dental malpractice action that the attorney must search for an expert who will render a favorable opinion after the retained expert renders an unfavorable one?  Harooni presents nothing that would answer this question.

Based on the allegations Harooni presented in the first amended complaint and the assertions she made in her opposition to the motion for nonsuit, we cannot conclude Lin breached a duty " 'so clear' as to be unmistakable." (*O'Shea*, *supra*, 64 Cal.App.5th at p. 238.)  Therefore, this case does not fall within the narrow category of "legal malpractice matters that may bypass the need for expert testimony on the standard of care." (*Ibid*.)

Harooni devotes much of her opening appellate brief to another argument she did not raise below: that the general rule requiring expert testimony in a legal malpractice action applies only in the case of a jury trial and not a bench trial.  She asserts: "As a trained attorney [the judge] had no need for assistance to understand the duty of care owed by an attorney to a client.  The issue of duty and breach of duty of an attorney cannot be said to be beyond common experience of a judge sitting as a trier of fact." (Italics omitted.)  Again, we address the new argument because it presents a question of law and Lin responded to it on the merits

14

without asserting forfeiture. Harooni cites no authority supporting her argument that a trial judge should know the applicable standard of care for an attorney practicing in a specific area of the law under a specific set of circumstances, and the argument is without merit. "Of course, a judge [in a court trial] may resort to expert testimony to establish the standard of care when that standard is not a matter of common knowledge, [citation] or where the attorney is practicing in a specialized field." (*Day v. Rosenthal* (1985) 170 Cal.App.3d 1125, 1147.)

In her appellate reply brief, Harooni argues that the general rule requiring expert testimony in legal malpractice cases does not apply here because she did not allege in the first amended complaint that "Lin held himself out or was a 'legal specialist' in [the] field [of] medical malpractice actions." "When an appellant fails to raise an issue in the opening brief, raising it for the first time in a reply brief or at oral argument, we generally decline to address the issue or address it in a summary manner. [Citation.] 'Obvious reasons of fairness militate against consideration of an issue raised' so late." (*Ramirez v. Charter Communications, Inc.* (2024) 16 Cal.5th 478, 500.) We reject this argument in a summary manner, not only because it was raised so late in this appeal but also because it does not require elaboration. In her opposition to the motion for nonsuit, Harooni emphasized Lin's "prior experience in medical malpractice" and asserted that such experience "would induce faith [in] the client" that he "already had access to experts in medical malpractice." Even if Lin did not hold himself out as a dental malpractice specialist, the applicable standard of care would necessarily relate to the particular circumstances presented in the underlying dental malpractice action, circumstances which are

15

not within the common knowledge of laypersons, as explained above (i.e. whether an attorney has a duty to retain a second expert after the first renders an unfavorable medical opinion).

Expert testimony was required to show whether Lin owed Harooni a duty to find a dental expert who would support her case after the expert he retained concluded there was no dental malpractice in her case. Because she did not timely designate a legal malpractice expert, the trial court did not err in granting Lin's motion for nonsuit.[6]

---

[6] On appeal, Harooni does not repeat the claim she made in the trial court that Lin had a duty to retain a dental expert earlier than he did in the underlying litigation so that he had sufficient time before the deadline to oppose the summary judgment motion to find a second expert after the first concluded there was no dental malpractice. This claim, too, would require a legal malpractice expert to testify regarding the standard of care for dental or medical malpractice attorneys under similar circumstances. Whether such an attorney retained an expert witness *early enough* is not a matter within the common knowledge of laypersons, and Harooni did not cite a case indicating otherwise in the trial court or on appeal.

## DISPOSITION

The judgment is affirmed.  Respondent is entitled to recover costs on appeal.

NOT TO BE PUBLISHED


M. KIM, J.

We concur:


ROTHSCHILD, P. J.


WEINGART, J.

17